IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON WEATHERS. § | | |
| Plaintiff, § | | |
| v. § | | C.A. NO. C-08-54 |
| § | | |
| OFFICER JANE DOE. § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ADD FILING EXHIBIT, ADD PARTY, AND ADD DEFENDANT

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate presently incarcerated in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). Plaintiff Jason Weathers alleges allege that Officer Jane Doe failed to protect him from the risk of harm while he was incarcerated at TDCJ's Garza East Unit in Beeville, Texas. Service of process on Officer Doe has been ordered (D.E. 8). Pending are plaintiff's motions to add a claim, add parties and to add an exhibit (D.E. 10, 11).

### Discussion

Plaintiff seeks to add a claim against defendants employed at the French Robertson Unit, alleging that the defendants violated his right of access to the courts. Plaintiff complains he was denied time in the law library to work on his claims in this case. The Federal Rules of Civil Procedure permit joinder of defendants in one action if there arise in the lawsuit questions of law and fact common to all defendants. FED. R. CIV. P. 20(a)(2)(B).

Plaintiff's claim against Jane Doe alleges she was deliberately indifferent to his physical safety by leaving him alone in a cage with an inmate who had threatened him. The facts in this claim have no similarity to plaintiff's claim that the French Robertson officials are denying him law library time, and so joinder is not appropriate under the Rules.

Moreover, the officials plaintiff seeks to join live and work in Jones County, where the French Robertson Unit is located. The events which form the basis for his claims occurred in Jones County. Jones County is located in the Abilene Division of the Northern District of Texas. 28 U.S.C. § 124(a)(3). The court has no jurisdiction over those individuals, and in addition, any lawsuit plaintiff files against them must be filed in the Abilene Division of the Northern District of Texas where the events occurred. 28 U.S.C. § 1391(b).

Finally, any claim plaintiff may have against the French Robertson Unit defendants does not appear to be ripe for filing. Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518

U.S. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

Here, though plaintiff has complained of an inability to use the law library, he has demonstrated no prejudice. His action in this case was permitted to go forward and service of process has been ordered. Plaintiff has not been prevented from doing anything in this case. As the Supreme Court has noted, "[a]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." Lewis, 518 U.S. at 351.

Based upon the foregoing, plaintiff's motions to add a claim, add parties, and add an exhibit (D.E. 10, 11) are denied without prejudice.

ORDERED this 29th day of April, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE