**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JASON WEATHERS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CA C-08-54** |
| | § | |
| **RUTH CANO,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the French Robertson Unit in Abilene, Texas.  Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials at the Garza East Unit in Beeville, Texas, failed to protect him from the risk of harm by another inmate (D.E. 1).  Pending is plaintiff's motion for appointment of counsel (D.E. 28).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  Further, Bounds did not create  a "free-standing right to a law library or legal assistance."  Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case

presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id. This case is not complex.  According to plaintiff, a few days after having a fight with another inmate, he was placed into a holding cell with the same inmate.  Plaintiff claims he explained this to defendant Cano and told her he was afraid for his life.  Plaintiff contends that Officer Cano told him not to be a "sissy" and left the area, leaving him alone with the inmate for several hours.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Id.  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent.  During telephone conferences, plaintiff has been articulate and has demonstrated he understands his claim.  At this early stage of the case, plaintiff is in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Id.  Examination of this factor is premature because the case has not yet been set for trial.  Dispositive motions have not yet been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a

prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a

contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 28) is denied

without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

     ORDERED this 6th day of October, 2008.

_____

     B. JANICE ELLINGTON
     UNITED STATES MAGISTRATE JUDGE