UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON WEATHERS, | § | |
| Plaintiff, | § | |
| | § | C.A. No. C-08-54 |
| v. | § | |
| | § | |
| RUTH CANO, | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

The United States Magistrate Judge filed her Memorandum and Recommendation on March 3, 2009. D.E. 55. Plaintiff filed a Motion to Object to Memorandum and Recommendations on March 12, 2009. D.E. 57. Plaintiff seeks relief under 42 U.S.C. § 1983 against a correctional officer he identifies as Ruth Cano, alleging that she violated his civil rights by placing him in a holding cell with another prisoner who Plaintiff feared would assault him. On December 2, 2008, Defendant filed a motion for summary judgment. D.E. 44. Plaintiff did not file any response to that motion, and instead filed a motion for final judgment on January 8, 2009. D.E. 51.

The incident Plaintiff complains of occurred at the Garza East Transfer Unit in Beeville, Texas. D.E. 1. On June 7, 2007, Plaintiff was involved in a fight with another inmate, Larry Burr, in which he apparently threw punches. *Id.* As a result of the fight, first aid treatment was required. D.E. 44, Ex. C32. In the resulting investigation, Plaintiff stated that the situation with Burr was resolved and that he

1

did not require protection or a transfer. D.E. 44, Ex. B13–14. Neither Plaintiff nor Burr believed his life to be in danger or feared for his safety in the general population. *Id.* Prison authorities found that Plaintiff and Burr participated equally in the fight and reassigned both of them to different dormitories. *Id.*

Four days after the fight, on June 11, 2007, Plaintiff was ordered to go to the administration building to talk to the Unit Classification Committee ("UCC"), where he saw Burr in the holding cage, where prisoners wait before being called before the UCC. D.E. 1. A female officer, whom Plaintiff later identified as Defendant Cano, told Plaintiff to enter the holding area, but Plaintiff did not want to go, fearing Burr would attack him, since Burr had told Plaintiff "it wasn't over" after their previous fight. *Id.* Plaintiff told Cano about his situation, but she ordered him into the holding cage, calling him a "sissy." *Id.* Cano then left the area, leaving Burr and Plaintiff in the holding cage together for several hours. Plaintiff says he was intensely afraid, but Burr did not attack him and he did not suffer any injuries that day. *Id.*

Plaintiff has filed Step One and Step Two grievances about being ordered into the holding area with Burr. D.E. 44, Ex. E44–47. He stated in both grievances that he believed the officer who ordered him into the holding cage endangered his life and well-being by doing so. *Id.* In response to each grievance, Plaintiff was told that the UCC was made aware of the incident to ensure that the situation did not recur. *Id.* Plaintiff has now filed a federal complaint alleging that Defendant Cano was deliberately indifferent to his safety and exposed him to

2

an excessive risk of serious harm by forcing him to go into the holding area with Burr. D.E. 1. He claims that this violated his constitutional rights. *Id.* He seeks relief in the form of monetary damages, medical care for his shoulder, knee, and hand, and "medical shoes." D.E. 45. In response, Defendant moves for summary judgment on three grounds: 1) she was not the officer involved in the incident Plaintiff describes; 2) she is entitled to immunity under the Eleventh Amendment for claims against her in her official capacity, and 3) she is entitled to qualified immunity. D.E. 44. Plaintiff has filed a "motion for final judgment." D.E. 51. The Magistrate Judge recommends granting summary judgment and dismissing Plaintiff's suit. D.E. 55. Plaintiff has filed objections. D.E. 57.

The Magistrate Judge recommends granting summary judgment in favor of Defendant, since Defendant has submitted evidence showing that she was not working on the day of the incident. D.E. 44. Plaintiff initially named "Jane Doe" as the defendant in his case (D.E. 1), and identified Cano as Jane Doe on July 7, 2008. D.E. 23. After that identification, Cano appeared in the case as the defendant, filing an answer and the currently-pending motion for summary judgment. D.E. 24, 25, 44.

The description Plaintiff provided of the officer was of a Hispanic woman with shoulder-length brown hair, about 5'2" in height and average weight. D.E. 8. Based on that description, the Office of the Attorney General provided names and photographs of two women matching that description who worked in the administration building. D.E. 23. Plaintiff identified Ms. Cano as the officer in

3

question. D.E. 23. However, Cano contends that she was not involved in the incident about which Plaintiff complains, and submits an affidavit and pages from her personal calendar to that effect. D.E. 44, Ex. A. Cano habitually records on her calendar the area of the prison in which she works each day. *Id.* Cano does not recall the incident of which Plaintiff is complaining, and the calendar pages she submits show that on June 11, 2007, she was working the "A5–8" area. D.E. 44, Ex. A, p. 5. In fact, according to the records submitted, Cano did not work in the administration building ("G-building") from June 3 to July 4, 2007. *Id.* at 5–6.

Plaintiff does not present any new evidence or argument that Cano was the woman working in the G-building on June 11, 2007 who ordered him into the holding cage with Burr. Plaintiff initially identified Cano as the officer working on that day. D.E. 23. However, since that first identification, done more than a year after the incident, Defendant Cano has submitted evidence showing that Plaintiff's identification of her is erroneous. D.E. 44, Ex. A. Plaintiff has failed to respond to Defendant's motion for summary judgment. Accordingly, the Court finds that Plaintiff has failed to create a genuine question of material fact regarding the identity of the Defendant, and summary judgment should be entered in favor of Defendant on that ground, as the Magistrate Judge recommends. D.E. 55.

In his objections to the Magistrate Judge's Memorandum and Recommendation (D.E. 57), Plaintiff appears to contend that because Defendant did not file a response to his motion to amend his complaint (D.E. 42), she is

4

therefore in default and "has perjured herself under oath" by filing an affidavit stating that she was not working in the administration building on the day in question. D.E. 57, p. 3. He presents no evidence or argument in support of this contention, instead relying on Rule 7.4 of the Local Rules of the Southern District of Texas, which states in relevant part, "Failure to respond [to a motion] will be taken as a representation of no opposition." Local Rule 7.4. Plaintiff apparently interprets this rule to mean that Defendant's lack of response to his motion to amend his complaint indicates no opposition to his receiving the relief requested in that amended complaint. D.E. 57. Plaintiff misunderstands the law. Had Defendant failed to respond to Plaintiff's complaint at all, she would in fact be in default, and Plaintiff would be entitled to the requested relief. *See* Fed. R. Civ. P. 55(a). However, after Plaintiff identified Cano as the officer in question, she was substituted as the defendant and appeared, filing an answer to Plaintiff's complaint on July 31, 2008. D.E. 25. Accordingly, Defendant Cano is not in default, and her continuing to appear and file pleadings in this case is not perjury. Plaintiff's objections are ill-founded.

Having reviewed de novo the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, and defendant's objections, the Court accepts the Magistrate Judge's recommended decision.

Accordingly, the Court GRANTS Defendant's motion for summary judgment (D.E. 44). Plaintiff's motion for judgment is DENIED, and Plaintiff's cause of action against Defendant Cano is dismissed with prejudice.

ORDERED this _18_ day of _Aug_ 2009.

_____
HAYDEN HEAD
CHIEF JUDGE